UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE CRAVENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., *et al.*,<br><br>Defendants. | Case No.: 3:19-cv-19368-FLW-LHG<br><br>**JOINT STIPULATION<br>TO STAY ALL PROCEEDINGS<br>PENDING JPML DETERMINATION**<br><br>**Document Electronically Filed** |

Plaintiffs George Cravens, Donald Boland, Venus Sykes (individually and in her capacity as representative of the Estate of Chris Sykes), Jarquisha Harris, Ronald Maranto, Scott Moser, Kileen Gromelski, Michael DeLuccia, and Paul Burpulis (collectively, "Plaintiffs") and Defendants Chattem, Inc., Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC (collectively, the "Sanofi Defendants"), GlaxoSmithKline LLC, Pfizer, Inc., and Boehringer Ingelheim Pharmaceuticals, Inc. ("BI") (together with the Sanofi Defendants, "Defendants"), by and through undersigned counsel, hereby jointly move the Court for an order extending time for Defendants to respond to the Complaint and to otherwise stay all proceedings pending the determination of the Judicial Panel on Multidistrict Litigation ("JPML") of Plaintiffs' and other parties' application for the creation of a multidistrict litigation ("MDL"), and transfer to the appropriate transferee court.[1]

Pursuant to Local Civil Rule 7.1(d)(4), the Parties make the following stipulation and statement in lieu of briefing, along with the attached Proposed Order.

---

[1] This joint motion and stipulation is submitted without any prejudice to Defendants' ability to move to dismiss based on a lack of personal jurisdiction. *See Ciolli v. Iravani*, 625 F. Supp. 2d 276, 290-91 & n.7 (E.D. Pa. 2009) ("A motion to stay is not one of the motions listed in [FRCP] 12," and thus a defendant does "not waive their personal jurisdiction defense" by filing a motion to stay (citing *AFN, Inc. v. Schlott, Inc.*, 798 F. Supp. 219, 222 n.4 (D.N.J. 1992))).

The Parties hereby stipulate:

1. Plaintiffs filed their Complaint in the above-captioned action on October 25, 2019 ("Complaint").

2. Defendants' deadline to answer, move, or otherwise respond is presently December 20, 2019.

3. Plaintiffs and Defendants have identified approximately 44 actions filed to date in courts across the country, all of which assert substantially similar allegations against all or a combination of these Defendants, including 14 class action matters and 30 personal injury matters relating to the manufacture, distribution, marketing, and sale of Zantac.

4. On November 4, 2019, counsel for Plaintiffs submitted a motion to the JPML to consolidate all of these cases, including this case, into a single MDL, *In re Zantac/Ranitidine NDMA Litig.*, MDL No. 2924, in this District for coordinated or consolidated pretrial proceedings ("MDL Motion").

5. The Parties expect that the JPML will determine whether this action, along with the other similar actions, will be consolidated into an MDL, and that the JPML will also decide where the cases will be transferred as an MDL.

6. The Parties expect the JPML to hear the MDL Motion promptly, as soon as the upcoming hearing session set for January 30, 2020, and the Panel is expected to render a decision shortly thereafter. *See* JPML, Hearing Information, https://www.jpml.uscourts.gov/hearing-information (last visited Nov. 23, 2019); John G. Heyburn II, *A View from the Panel: Part of the Solution*, 82 Tul. L. Rev. 2225, 2242 (2008) ("The Panel's rules already require a tight briefing schedule prior to oral argument on all § 1407 transfer motions. The Panel prepares extensively for

oral argument and usually reaches a decision on each case during its conference immediately afterwards . . . .").

7. This action was recently commenced, and there has been little activity in the case.

8. Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).

9. The decision to stay proceedings is committed to the sound discretion of the Court. *See Seegott Holdings, Inc. v. Bayer AG*, No. 04-5850, 2005 WL 8131922, at *1 (D.N.J. May 13, 2005); *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 424 (D.N.J. 2003) ("Incidental to a trial court's power to schedule disposition of the cases on its docket is the power to stay those proceedings before it 'so as to promote fair and efficient adjudication.'" (quoting *U.S. v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994))); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

10. Stays of a civil actions are common when the issue of transfer is before the JPML. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("A majority of courts have concluded that it is appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that would be saved."), *cited in Packer v. Power Balance, LLC*, No. 11-802, 2011 WL 1099001, at *1 (D.N.J. Mar. 22, 2011) (granting motion to stay pending decision by JPML); *see also Hertz*, 250 F. Supp. 2d at 428 (granting motion to stay pending decision by JPML); *Seegott*, 2005 WL 8131922, at *2 (same).

11. Absent a stay, the Court and the Parties would face case management obligations and deadlines and, in light of the likelihood that there will be an MDL consolidating these actions

for the purpose of pretrial proceedings, a stay is necessary and prudent to avoid duplication of pretrial efforts by the Parties, any waste of judicial resources, and the risk of conflicting rulings, and to promote just and efficient conduct of these actions.

12. The Parties advise the Court also that at least one federal judge has issued stay orders in two Zantac cases in light of the pending motion to consolidate before the JPML. On November 15, 2019, Judge Federico A. Moreno from the United States District Court for the Southern District of Florida issued orders, *sua sponte*, administratively closing the two Zantac cases assigned to him. *See* Order Closing Case for Statistical Purposes & Placing Matter in Civil Suspense File (Doc. 18), *Lopez Flores v. Sanofi US Servs. Inc.*, 1:19-cv-62313 (S.D. Fla. Nov. 15, 2019) (citing the JPML's "current consideration of the possible consolidation and transfer of this case to another venue"); Order Closing Case for Statistical Purposes & Placing Matter in Civil Suspense File (Doc. 5), *Fritz v. Boehringer Ingelheim, et al.*, Case 1:19-cv-24662 (S.D. Fla. Nov. 15, 2019) (same). The Parties are not aware of any other stay orders yet filed.

13. Defendants have similar applications for stays pending in other Zantac/ranitidine cases in the Southern District of Florida: (1) *Kerzer v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 1:19-cv-24092-RNS, and (2) *Galimidi v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 1:19-cv-24395-BLOOM/Louis.

14. Defendants respectfully advise the Court that they will be seeking similar stays in other Zantac/ranitidine cases in which Defendants have been served. To date, there are eleven (11) other related cases pending in this District and assigned to this Court: (1) *Pinales v. Sanofi, S.A., et al.*, No. 3:19-cv-19324, (2) *Colon v. Sanofi-Aventis U.S. LLC*, No. 3:19-cv-20023; (3) *Combs v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:19-cv-20289; (4) *Coggins v. Sanofi-Aventis U.S. LLC*, No. 3:19-cv-20060; (5) *Neary v. Sanofi-Aventis U.S. LLC*, No. 3:19-cv-20484;

(6) *Santorella v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:19-cv-19368; (7) *Boekholt v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:19-cv-20649; (8) *Diamante v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:19-cv-20645; (9) *McCann v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:19-cv-20651; (10) *Perone v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:19-cv-20621; and (11) *Pinkney v. Boehringer Ingelheim Pharmaceuticals, Inc.*, No. 3:19-cv-20650l.

15. The Parties have met and conferred and agree that this action should be stayed pending a decision by the JPML regarding the MDL Number 2924.

16. THE PARTIES HEREBY STIPULATE and respectfully request that the Court enter an order that:

1. This action is STAYED pending the decision of the JPML in *In re Zantac/Ranitidine NDMA Litig.*, MDL No. 2924;
2. All deadlines, including Defendants' obligation to respond to the Complaint, are VACATED until further order of the Court; and
3. The Parties shall notify the Court of the JPML's decision within ten (10) days of the decision if the Court is not otherwise notified.

Dated: November 27, 2019

Respectfully submitted,

By: /s/ James E. Cecchi
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068
Tel.: 973-994-1700
Fax: 973-994-1744
jcecchi@carellabyrne.com

By: /s/ Mitchell Russell Stern
ARNOLD & PORTER KAYE SCHOLER LLP
Anand Agneshwar*
Mitchell Russell Stern
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com

*Attorney for Plaintiffs*

mitchell.stern@arnoldporter.com

Daniel S. Pariser*
Paige H. Sharpe*
Elliott Cruchley Mogul*
601 Massachusetts Avenue, NW
Washington, DC  20001
Tel: (202) 942-5000
Fax: (202) 942-5999
daniel.pariser@arnoldporter.com
paige.sharpe@arnoldporter.com
elliott.mogul@arnoldporter.com

*Attorneys for Defendants Chattem, Inc., Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC*

By:  /s/ Michelle Yeary
Michelle Yeary
Email: michelle.yeary@dechert.com
**DECHERT LLP**
502 Carnegie Center, Suite 104
Princeton, New Jersey  08540-7814
Telephone: (609) 955-3200
Facsimile: (609) 955-3259

Mark S. Cheffo*
Email: mark.cheffo@dechert.com
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Will W. Sachse*
Email: will.sachse@dechert.com
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA  19104
Telephone:   (215) 994-4000
Facsimile:   (215) 994-2222

*Attorneys for GlaxoSmithKline LLC*

By:     */s/ Joseph G. Petrosinelli*
Joseph G. Petrosinelli*
**WILLIAMS & CONNOLLY LLP**
725 12th Street NW
Washington, D.C. 20005
Tel: 202-434-5547
jpetrosinelli@wc.com

Liza M. Walsh
Katelyn O'Reilly
William T. Walsh, Jr.
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Tel: 973-757-1100
lwalsh@walsh.law
koreilly@thewalshfirm.com
wwalsh@walsh.law

*Attorneys for Defendant Pfizer Inc.*

By:     */s/ Shankar Duraiswamy*
Shankar Duraiswamy
Paul W. Schmidt*
Andrew Soukup*
**COVINGTON & BURLING, LLP**
One City Center
850 Tenth Street NW
Washington, D.C. 20001
Tel: 202-662-6000
Fax: 202-778-5066
Email: sduraiswamy@cov.com
Email: pschmidt@cov.com
Email: asoukup@cov.com

*Attorneys for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

*pro hac vice* applications forthcoming

**SO ORDERED**, this \_\_\_\_3rd\_\_\_\_ day of \_\_\_\_December\_\_\_\_ 2019.

_____
Hon. Freda L. Wolfson
United States District Judge